E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6527
     Facsimile: (213) 894-6269
     E-mail:    scott.paetty@usdoj.gov

GLENN S. LEON
Chief, Fraud Section
Criminal Division, U.S. Department of Justice
JENNIFER BILINKAS
Trial Attorney, U.S. Department of Justice
Criminal Division, Fraud Section
     1400 New York Avenue NW, 3rd Floor
     Washington, DC 20530
     Telephone: (202) 305-3928
     Email:    jennifer.bilinkas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 22-CR-371-PA |
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT MATEUS PINA MENDES |
| v. | Sentencing Date: Jan. 10, 2023 |
| MATEUS PINA MENDES, | Sentencing Time: 12:00 p.m. |
| Defendant. | Location:    Courtroom of the Hon. Percy Anderson |

Plaintiff United States of America hereby submits its position regarding the sentencing of defendant MATEUS PINA MENDES ("defendant").

This position is based upon the attached memorandum of points and authorities, the Presentence Report disclosed by the United States Probation Office on November 30, 2022, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: December 20, 2022                Respectfully submitted,

                                          E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

                  /s/ *Jennifer Bilinkas*
SCOTT PAETTY
Assistant United States Attorney
JENNIFER BILINKAS
Trial Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

For the reasons set forth below, the government recommends a sentence of 21 months' imprisonment to be followed by a three-year term of supervised release, a restitution order in the amount of $143,283.67, and a special assessment of $100.

**I.   FACTUAL BACKGROUND**

**A.   The Fraudulent Scheme**

Between approximately May 2020 and March 2021, defendant MATEUS PINA MENDES ("defendant") was involved in a scheme to defraud the Small Business Administration ("SBA") and its affiliated lenders of approximately $143,283.67 in funds intended for COVID-19 pandemic relief.  Through the use of defunct companies and falsified tax documents, defendant fraudulently obtained federal disaster relief funds from the Paycheck Protection Program ("PPP") and Economic Injury Disaster Loan ("EIDL") program, which were programs aimed to help small businesses suffering from the economic impacts of the COVID-19 pandemic.  As part of the scheme, defendant applied for PPP and EIDL loans by making materially false representations about the entities' payroll, revenue, and operating expenses.  In furtherance of his fraud, and to further conceal the fraudulent proceeds, defendant misused the PPP and EIDL loan proceeds for his own personal benefit, including the purchase of cryptocurrency and gold coins.

Over the course of the scheme, defendant applied for a total of ten loans totaling approximately $184,690.67 and in fact received approximately $143,283.67 in loan proceeds to which he was not entitled.  (PSR ¶ 18.)

### B. Procedural History

Defendant signed a plea agreement whereby he agreed to plead guilty to a single-count Information to wire fraud, in violation of 18 U.S.C. §1343.[1] (PSR ¶¶ 1-2.) Defendant subsequently appeared before this Court on September 1, 2022 and entered a plea of guilty. (ECF No. 27.)

## II. THE PRESENTENCE REPORT

The Probation Office found that defendant's total offense level is 16, based on a base offense level of 7 (U.S.S.G. § 2B1.1(a)(1)), a ten-level upward adjustment for the loss amount over $150,000 under U.S.S.G. § 2B1.1(b)(1)(F), a two-level upward adjustment for sophisticated means under U.S.S.G. § 2B1.1(b)(10), and a reduction for acceptance of responsibility under U.S.S.G. 3E1.1(a)-(b). (PSR ¶¶ 25-40.) The government concurs in the Probation Office's calculation of defendant's total offense level.

The Probation Office calculated defendant's criminal history category as I based on zero criminal history points. (PSR ¶ 45.) The government concurs in the Probation Office's calculation of defendant's criminal history. With an offense level of 16 and a criminal history category of I, defendant's applicable advisory guidelines sentencing range is 21-27 months.

## III. ARGUMENT

### A. The Seriousness of the Offense and the Need to Provide Just Punishment Support the Government's Recommended Sentence.

Defendant's criminal conduct in this case is serious, as he fraudulently sought to obtain pandemic-related loans offered to

---

[1] The government requests that the Court incorporate the plea agreement into the proceedings at the sentencing hearing.

2

address emergency and disaster relief to those businesses affected by the COVID-19 pandemic. The COVID-19 pandemic was an extraordinarily serious public health crisis, and it had profound economic ramifications. Defendant's exploitation of the crisis not only cost the government, the SBA, and affiliated lenders time and money, but also diverted funds that could have been used the way PPP loans were intended: to assist struggling businesses and to keep people employed. Instead, defendant took money that was earmarked for legitimate small businesses and dissipated it for his own personal enrichment. Moreover, this was not a victimless crime. The PPP and EIDL programs were not a limitless pot of money. By taking money he was not entitled to, defendant defrauded taxpayers who helped fund the program and the SBA which guarantees these loans, and also potentially made it more difficult for legitimate loan applicants to obtain pandemic relief funds.

Furthermore, defendant's fraud was not an impulsive one-off; he applied for <u>ten</u> different loans to which he knew he was not entitled, and knowingly submitted false documents attesting to these defunct companies, payroll expenses, tax payments, and other financial information. As such, defendant's conduct, which through the diversion of relief money caused direct harm to a vulnerable public, warrants a meaningful custodial sentence.

**B. The Need for General Deterrence Supports the Government's Recommended Sentence.**

A significant sentence is also necessary to provide general deterrence. Defendant's actions warrant commensurately significant consequences, both due to the seriousness of the offense and as a general deterrent to send a message to the broader public that taking

advantage of a national emergency to enrich oneself at the public expense will result in serious consequences. Given that criminal conduct like defendant's is typically more difficult to detect and prosecute than sudden crimes of passion or opportunity, there is a greater need for general deterrence. See, e.g., United States v. Martin, 455 F.3d 1227, 1240 (11th Cir. 2006) (internal quotation marks omitted)); United States v. Heffernan, 43 F.3d 1144, 1149 (7th Cir. 1994) ("Considerations of (general) deterrence argue for punishing more heavily those offenses that either are lucrative or are difficult to detect and punish, since both attributes go to increase the expected benefits of a crime and hence the punishment required to deter it."). Here, the government's proposed sentence will help to deter other fraudsters, like defendant, who believe that they can generate income through fraudulent schemes against government agencies during a time of crisis.

### C. The Need to Avoid Unwarranted Sentencing Disparities Among Similarly Situated Defendants Supports the Government's Recommended Sentence.

Section 3553(a)(6) directs the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The Government therefore notes for the Court's awareness that two defendants in related cases have pleaded guilty and been sentenced. On December 12, 2022, this Court sentenced Ramiro Mendes (22-CR-370-PA) to 41 months' imprisonment and Ammon Mendes (22-CR-369-PA) to 21 months' imprisonment. As such, the government believes that a sentence of 21 months' imprisonment for the defendant would avoid any unwarranted sentencing disparities.

4

### D. Restitution

Restitution is applicable pursuant to 18 U.S.C. § 3663A. (PSR ¶ 19.) The Mandatory Victim Restitution Act ("MVRA") requires a district court to order restitution when (1) a defendant commits an "offense against property," and (2) there is an identifiable "victim." 18 U.S.C. § 3663A(a)(1), (c)(1). The scheme to submit fraudulent PPP and EIDL loan applications to the SBA and affiliated lenders is an offense against the property of the United States. The MVRA provides for "restitution to each victim in the full amount of each victim's losses," and restitution must be determined "without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). The amount of restitution due in this case, measured by the amount that the defendant received in PPP and EIDL loan proceeds, is $143,283.67. (PSR ¶ 20; Plea Agreement ¶ 6.)

## IV. CONCLUSION

For the foregoing reasons, the government believes that a sentence of 21 months imprisonment, a three-year term of supervised release, a restitution order in the amount of $143,283.67, and a special assessment of $100 is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a).